1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

## DISTRICT OF NEVADA

8

9

\* \* \*

10  RANDALL N. WIIDEMAN,                      )          Case No.: 2:09-cv-0598-RLH-RJJ
                                            )
11              Plaintiff,                   )                    **O R D E R**
                                            )
12      vs.                                 )          (Amended Motion for Summary
                                            )          Judgment–#71; Motion for Summary
13  KAREN SMITH,                            )          Judgment–#73)
                                            )
14              Defendant.                   )
    _____ )

15

16          Before the Court is Plaintiff Randall Wiideman's **Amended Motion for Summary**

17  **Judgment** (#71), filed April 8, 2010.  The Court has also considered Defendant Karen Smith's

18  Opposition (#72), filed May 3, 2010.

19          Also before the Court is Smith's **Motion for Summary Judgment** (#73), filed

20  May 10, 2010.  The Court has also considered Wiideman's Opposition (#76), filed May 18, 2010.

21                                      **BACKGROUND**

22          Plaintiff, who is currently incarcerated and appearing pro se, alleges that Defendant

23  Karen Smith, an employee of the Southern Desert Correction Center, wrongfully opened and read

24  his outgoing mail.  Wiideman alleges Smith did so in retaliation against him for filing suit in an

25  unrelated case against the prison warden and the assistant warden.  On March 17, 2009, Wiideman

26  filed suit in Nevada state court against Smith and alleged two 42 U.S.C. § 1983 claims—one under

1

1    the First Amendment and under the Fourteenth Amendment.  On March 31, Smith removed the

2    case to this Court based on federal subject matter jurisdiction.

3           Both parties now move for summary judgment.  While this is Smith's first motion

4    for summary judgment, this is the fourth time Wiideman has brought such a motion.  Magistrate

5    Judge Johnston struck Plaintiff's first and second motions for summary judgment because they

6    were filed before the court had finished screening the case.  This Court denied Wiideman's third

7    motion for summary judgment because his allegation that Smith wrongfully opened his mail was

8    not alone sufficient to justify summary judgment.  For the reasons discussed below, the Court

9    denies Wiideman's amended motion for summary judgment, grants Smith's motion for summary

10   judgment, and closes this case.

**DISCUSSION**

11

12   **I.      Legal Standard**

13          A court will grant summary judgment if "the pleadings, the discovery and

14   disclosure materials on file, and any affidavits show there is no genuine issue as to any material

15   fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  An

16   issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could

17   find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit

18   under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  In

19   evaluating a motion, a court views all facts and draws all inferences in the light most favorable to

20   the nonmoving party. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).

21          The movant bears the burden of showing that there are no genuine issues of

22   material fact. *Id.* "In order to carry its burden of production, the moving party must either produce

23   evidence negating an essential element of the nonmoving party's claim or defense or show that the

24   nonmoving party does not have enough evidence of an essential element to carry its ultimate

25   burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102

26   (9th Cir. 2000).  Once the movant satisfies the requirements of Rule 56, the burden shifts to the

AO 72
(Rev. 8/82)

1   party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial."

2   *Anderson*, 477 U.S. at 256; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The nonmoving

3   party "may not rely on denials in the pleadings but must produce specific evidence, through

4   affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps.,*

5   *Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some

6   metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S.

7   574, 586 (1986).

8   **II.      Wiideman's Amended Motion for Summary Judgment**

9            In his amended motion for summary judgment, Wiideman provides additional

10  information regarding why Scott opened his mail, his lawsuit against the prison wardens, and the

11  administrative regulations that prohibit, in certain circumstances, the opening of inmates' outgoing

12  mail.  This additional information, however, is not enough to justify Wiideman's request for

13  summary judgment because his entire motion rests on his uncorroborated assertion that Smith

14  unlawfully opened his mail.  Whether or not Smith did so is a factual issue that must be resolved at

15  trial.  Accordingly, the Court denies Wiideman's amended motion for summary judgment.

16  **III.     Smith's Motion for Summary Judgment**

17           Smith argues she is entitled to summary judgment because Wiideman did not

18  exhaust his administrative remedies prior to filing suit in this Court.  The Court agrees with this

19  assertion and grants Smith's motion for summary judgment.

20           In 1995, Congress passed the Prison Litigation Reform Act and made it a

21  requirement for inmates to fully exhaust their internal grievances before filing suit against prison

22  officials.  42 U.S.C. § 1997; *see also Booth v. Churner*, 532 U.S. 731, 733 (2001).  In addition, an

23  inmate who (like Wiideman here) seeks money damages must exhaust all administrative remedies

24  capable of addressing his grievances, regardless of the type of relief offered by the administrative

25  process.  *Booth*, 532 U.S. at 733.  In 2002, the United States Supreme Court upheld the Prison

26  Litigation Reform Act and reaffirmed that the exhaustion-of-internal-grievance-requirement is

AO 72
(Rev. 8/82)

1  mandatory and applies to all inmate lawsuits relating to prison life. *Porter v. Nussle*, 534 U.S.

2  516, 524 (2002).

3  The Court grants Smith's motion for summary judgment because Wiideman has

4  provided no evidence that he submitted any internal grievances regarding Smith's allegedly

5  wrongful confiscation of his mail. Wiideman does not provide any internal grievance records in

6  his amended motion for summary judgment or his opposition to Smith's motion. Although

7  Wiideman mentions in his opposition a "grievance complaining that the defendant had failed to

8  comply with . . . censorship regulations," he neither affirmatively asserts that he filed an internal

9  grievance nor provides the Court with a copy of such a grievance. In addition, Smith has provided

10  many previous grievances in which Wiideman complained of the treatment he received in prison.

11  Given Wiideman's prior grievances, it is clear that he is familiar with the internal grievance

12  system and that he knows how to file grievances with prison authorities. For this reason, the Court

13  finds Wiideman's failure to provide evidence of his internal grievances in this case is fatal to his

14  claims. The Court therefore grants Smith's motion for summary judgment.

## CONCLUSION

16  Accordingly, and for good cause appearing,

17  IT IS HEREBY ORDERED that Plaintiff Randall Wiideman's Amended Motion

18  for Summary Judgment (#71) is DENIED.

19  IT IS FURTHER ORDERED that Defendant Karen Smith's Motion for Summary

20  Judgment (#73) is GRANTED.

21  The Clerk of the Court is ordered to close this case.

22  Dated: June 14, 2010.

24  **ROGER L. HUNT**

25  **Chief United States District Judge**

AO 72
(Rev. 8/82)